**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WESTCHESTER SURPLUS LINES INSURANCE COMPANY<br><br>    Plaintiff,<br><br>v.<br><br>STRONGTOWER FINANCIAL INC., a California Corporation; DEANNA L. BUCHHOLZ, an individual; ERIC HIRSCHFIELD, an individual; JAMES WINTER an individual; KATHERINE S. WESTLAKE an individual; RAYMOND K. JONES an individual; ANA GONZALEZ, an individual and trustee of Gonzalez Trust UAD 5-29-07 and the Estate of Cesar T. Gonzalez; VICTOR MICHELS, an individual, JEFFREY S. RAYNES, an individual and as trustee of the Jeffrey S. Raynes Defined Benefit and 401K Profit Sharing Plan and Trust; RANDI ARMSTRONG, an individual, AND KATHERINE A. GARRETT, an individual; and DOES 1-250<br><br>    Defendants | Case No. 1:13-CV-00383-LJO-BAM<br><br><br><br>**JUDGMENT** |

Pursuant to the stipulated judgment filed on October 28, 2014 (Doc. 107), judgment shall be entered between Plaintiff, Westchester Surplus Lines Insurance Company ("Westchester") and Defendant, Strongtower Financial Inc. ("Strongtower") as follows:

**It is adjudicated, judged and decreed that:**

1. The **Wrongful Acts** set forth in the Notice of Potential Claims letter and all other **Wrongful Acts** alleged against Strongtower and its employees and representatives up to the present date constitute **Interrelated Wrongful Acts** and all **Claims** arising out of such **Interrelated Wrongful Acts** including, but not limited to, the Raynes, Michels, Garrett, and Gonzalez Claims, constitute a single **Claim** made during the First Policy period and not a **Claim** made under the Second Policy regardless of when actually made or reported.

2. Under the First Policy, all **Loss** resulting from a single **Claim** is a single **Loss** and subject to a limit of $500,000 including **Defense Costs**.

3. All **Claims** under the First Policy arising out of **Interrelated Wrongful Acts** are subject to a single limit of $500,000 including **Defense Costs**.

4. Westchester has fully and completely exhausted its per **Claim** limit of the First Policy. The First Policy has expired and Westchester has no further obligations under the First Policy.

5. Other than **Claims** which allege **Wrongful Acts** which are **Interrelated Wrongful Acts** with the **Wrongful Acts** set forth in the Notice of Potential Claims letter sent during the First Policy Term, no **Claims** were made and reported to Westchester during the Second Policy term or thereafter.

6. Other than notices of potential **Claims** which allege **Wrongful Acts** which are **Interrelated Wrongful Acts** with the **Wrongful Acts** set forth in the Notice of Potential Claims letter sent during the First Policy term, no notice was given to Westchester of potential **Claims** or **Wrongful Acts** during the Second Policy term or thereafter.

7. The Second Policy has expired and Westchester has no further obligations under the Second Policy.

8. Westchester has no duty to defend or indemnify any **Claims** until the **Self Insured Retention** applicable to each such **Claim** is paid by the **Insureds** against whom such

**Claim** is made and may not be paid on any **Insured's** behalf by any person or organization.

9. Each party shall bear its own costs and attorney's fees.

IT IS SO ORDERED.

Dated:    **November 5, 2014**              /s/ Barbara A. McAuliffe
                                                                      UNITED STATES MAGISTRATE JUDGE